WILLIAM T. FRANCISCO, petitioner,

*v.*

LILLIAN F. FRANCISCO.

[Submitted July 30th, 1907. Decided August 9th, 1907.]

1. Laws of 1902 (*P. L. 1902 p. 263* § 7) provide that when the court of chancery has jurisdiction over the custody of minor children of parents living separate, and the children are residents of the state, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, unless the court on cause shown shall otherwise order. A husband living separate from his wife brought *habeas corpus* for the custody of his minor children, residents of New Jersey. The husband was a resident of New York. A child fourteen years old testified that she preferred to live with her mother. The other children, aged eleven and nine, and who were intelligent, stated on their examination that they desired to remain with their mother.—*Held*, that the court could not order the removal of the children from the state in the absence of any special reason therefor.

2. The court on *habeas corpus* proceedings by a husband living separate from his wife, for the custody of their minor children, cannot impose on the husband residence in the state as a part of a decree awarding him the custody of the children.

3. The court on *habeas corpus* proceedings by a husband living separate from his wife, for the custody of their minor children, may, as authorized by *P. L. 1902 p. 264 § 12*, decree to the husband the right of access to the children, though he does not specifically pray therefor in his petition.

4. The court on granting to a non-resident husband the right of access to his children in the custody of his wife, from whom he had separated, would prohibit the mother from taking the children beyond the limits of the state without a special order therefor.

On *habeas corpus* concerning the custody of three minor children.

*Mr. Alfred S. Badgley* and *Mr. Isaac Sargent* (of the New York bar), for the petitioner.

*Mr. Wayne Dumont*, for the respondent.

HOWELL, V. C.

The parties to this litigation are husband and wife.

The subject-matter is the custody of their three children— Rena, aged fourteen years; Cyrus, aged eleven, and George D., aged nine years. There are two other children of the marriage who are living, Clarence, aged twenty-two years, and William, who is in his twenty-first year.

The parties were married on January 19th, 1884. They lived together in this state and in New York until 1903 or 1904, when they finally separated, the husband going to New York City, where he now resides, and the wife remaining at Upper Montclair, in Essex county, where she now resides.

Since the separation the wife has had the custody of the children and has maintained and supported them without any assistance from the husband. Upon the separation all the five children remained in this state with the mother, and, as to the three younger ones, over whom this controversy is, it is important to observe that they were born at Upper Montclair, in this state, and have always lived there, excepting for short periods of ab-

sence in Connecticut. They hence fill the statutory description of natives of this state who have resided five years within its limits. It appears that a few months ago, for some unexplained reasons, the wife gave up housekeeping and went with the three children to live with her mother, who was represented to be a woman of considerable means, and the children are now being supported by their grandmother.

The seventh section of the statute, which authorizes this proceeding (*P. L. 1902 p. 259*), provides that when the court of chancery has jurisdiction over the custody of minor children of parents living separate, and such children are natives of this state, or have resided five years within its limits, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, * * * unless the court, upon cause shown, shall otherwise order.

To grant the prayer of the petition and give the custody of the children to the father, who is a resident of the State of New York, unless by consent of the children, if they are of proper age to express their wishes, would be to fly in the face of the statute and nullify its provisions.

The children were produced in court for a special examination after the case was closed and argued. They were examined with special reference to the statute and their own desires as to their custody and removal from the state. Rena will be fourteen years of age in October. She is, undoubtedly, of sufficient age to determine for herself whether she prefers to live with her father in New York or with her mother in New Jersey, and she quite strongly expressed a preference to remain with her mother. The other two children, Cyrus, aged eleven, and George D., aged nine, were examined in the same manner. They are intelligent boys and understood that they were being questioned for the purpose of ascertaining what their wishes were, and they both declared in favor of remaining with their mother. They were well dressed and appeared to be well taken care of, and they have been regularly sent to a nearby public school and to Sunday-school.

I am of opinion from this test of their understanding that they all are of suitable age to signify their assent or their dissent to a removal from the state, and, having dissented, I think

that in the present situation of affairs they cannot be forcibly taken from the state. I do not mean to say that the power of the court is absolutely limited to the wishes of the children in these circumstances under the statute. The statute gives the court the power, on cause shown, to so remove them, having in mind always their welfare. In this case, however, there was no attempt made to show any special reason for their transportation to another state.

It is true that at the argument the father, through his counsel, announced that if the children were given to him he would be willing to make a home for them in the State of New Jersey, and would remove to the state for that purpose whenever so directed by the court.

I think that the court ought in this case to deal with the situation as it was at the time of the filing of the petition. At that time the petitioner described himself therein as a resident of the borough of Manhattan in the city, county and State of New York, and demanded that the absolute care and custody of the children should be committed to him. I do not think that the court can impose upon him residence in New Jersey as a part of a decree awarding him the custody of the children.

But if this statute did not exist, I should be loath to take the children from the custody of their mother under the circumstances disclosed by the evidence, and for the reasons stated in the petition.

The petition charges the mother with maintaining improper relations with one Talbot during the short time she was residing in Connecticut, and subsequently at Upper Montclair in this state, and the return to the writ charges the husband with similar improper relations with a young woman who was in his employ during the short time that he resided at Westwood, in Bergen county. Considerable testimony was taken by both sides for the purpose of proving these charges and recriminations. I am not satisfied from the proofs that the mother is not a proper person to retain the custody of these children. I do not think that misconduct was proved against either the husband or the wife.

I shall decline to grant the prayer of the petition, but the petition will remain on file and the proceedings open, so that

application may be made to the court from time to time touching the custody and maintenance of these children in case subsequent events should make it advisable to take action thereon.

The husband in his petition omits to pray for access to the children in case of his failure to obtain their custody. The twelfth section of the act referred to provides that when husband and wife shall live in a state of separation, without being divorced, the chancellor on *habeas corpus* may not only award the custody of the minor child of the marriage, but may also make such order relating thereto for the access of either parent to such child at such times and under such circumstances as he may decree expedient. Relief may be had under this section notwithstanding the omission to specifically seek it by petition.

The father has undoubtedly a right of access to these three children at all proper and convenient times and places, and an order will be made for that purpose in such form and to such extent as counsel for the parties may be able to agree upon. If they are not able to so agree the court will make such an order as may seem expedient and proper.

Recurring again to the seventh section of the statute, which prohibits the removal of the children out of the jurisdiction of this state without their own consent, I may say that this prohibition applies to the mother as well as to the father. The children are here, and before they are removed by the mother to any other jurisdiction the court must be satisfied that they go freely and by their consent. The father has a right to have them remain here, and cannot, without the order of the court, be compelled to visit them elsewhere. In any order that may be made provision must be included prohibiting the mother from taking the children beyond the limits of the state without a special order of the court for that purpose.